**CT Corporation**

**Service of Process Transmittal**
07/09/2018
CT Log Number 533662343

**TO:** Douglas Besman, Attorney
Nestle USA, Inc.
30003 Bainbridge Rd
Solon, OH 44139-2290

**RE:** **Process Served in Wisconsin**

**FOR:** Nestle USA, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DENNIS KETTERHAGEN, etc., Pltf. vs. Nestle USA, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Racine County Circuit Court, WI<br>Case # 2018CV001298 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint for the Claim regarding disability insurance during employment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/09/2018 at 12:20 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days of receipt |
| **ATTORNEY(S) / SENDER(S):** | Joseph J. Welcenbach<br>WELCENBACH LAW OFFICES, S.C.<br>933 North Mayfair Road, Suite 311<br>Milwaukee, WI 53226-2239<br>(414) 774-7330 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/10/2018, Expected Purge Date: 07/15/2018 |
| | Image SOP |
| | Email Notification,  Susan Denigan  susan.denigan@purina.nestle.com |
| | Email Notification,  Douglas Besman  Douglas.Besman@us.nestle.com |
| | Email Notification,  Douglas Keaton  douglas.keaton@us.nestle.com |
| | Email Notification,  David Herman  david.herman@us.nestle.com |
| | Email Notification,  Daniel Nugent  daniel.nugent@us.nestle.com |
| | Email Notification,  Erica Godish  erica.godish@us.nestle.com |
| | Email Notification,  Megan Bauer  megan.bauer@purina.nestle.com |

Page 1 of  2 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 2:18-cv-01161-WED   Filed 07/27/18   Page 1 of 24   Document 1-1

**Exhibit A**

 **CT Corporation**

**TO:** Douglas Besman, Attorney
Nestle USA, Inc.
30003 Bainbridge Rd
Solon, OH 44139-2290

**RE:** **Process Served in Wisconsin**

**FOR:** Nestle USA, Inc.  (Domestic State: DE)

Email Notification,  Abbey McDade  Abbey.McDade@us.nestle.com

**SIGNED:** C T Corporation System
**ADDRESS:** 301 S. Bedford St.
Suite 1
Madison, WI 53703
**TELEPHONE:** 302-658-7581/7582/7583

Page 2 of  2 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
07-02-2018
Clerk of Circuit Court
Racine County
2018CV001298
Honorable Eugene A.
Gasiorkiewicz
Branch 2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **RACINE COUNTY**

**DENNIS KETTERHAGEN,**
Special Administrator of the
Estate of Dawn C. Ketterhagen

Plaintiff,

-vs-                                             Case No.

Code No. 30303

**NESTLÉ USA INC.**
Registered agent:
CT Corporation System
301 S. Bedford St. Suite 1
Madison , WI 53703
                    Defendant.

7-9-18
12:20p

**SUMMONS**

THE STATE OF WISCONSIN

To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal

action.

Within 45 days of receiving this Summons you must respond with a written answer, as

that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may

reject or disregard an answer that does not follow the requirements of the statutes. The

answer must be sent or delivered to the court, whose address is Clerk of Courts, Racine

County Courthouse, 730 Wisconsin Ave, Racine, Wi 53233 and to Welcenbach Law Offices,

S.C., Plaintiff's attorney, whose address is Suite 311, 933 North Mayfair Road, Milwaukee, Wisconsin 53226. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure or property.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2018.

WELCENBACH LAW OFFICES, S.C.
Attorneys for Plaintiff

Electronically signed by J.J. Welcenbach

Joseph J. Welcenbach
State Bar No. 1015131

Welcenbach Law Offices
933 North Mayfair Road, Suite 311
Milwaukee, WI 53226-2239
Phone: (414) 774-7330
Facsimile: (414) 774-7670
*Welcenbach@yahoo.com*

2

FILED
07-02-2018
Clerk of Circuit Court
Racine County
2018CV001298
Honorable Eugene A.
Gasiorkiewicz
Branch 2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **RACINE COUNTY**

**DENNIS KETTERHAGEN,**
Special Administrator of the
Estate of Dawn C. Ketterhagen

    Plaintiff,

-vs-          Case No.

           Code No. 30303

**NESTLÉ USA INC.**
Registered agent:
CT Corporation System
301 S. Bedford St. Suite 1
Madison , WI 53703
    Defendant.

---

## COMPLAINT

---

  NOW COMES the above-named Plaintiff by and through its attorneys, WELCENBACH LAW OFFICES, S.C., by Attorney Joseph J. Welcenbach, and as and for a cause of action against the above-named defendant respectfully alleges and shows to the Court as follows:

  1. The above named plaintiff is Dennis Ketterhagen, the special administrator of the estate of Dawn C. Ketterhagen and was her husband prior to her death. He resides at 8810 352 Avenue, Burlington Wisconsin.

  2. The defendant Nestle USA Inc. is, upon information and belief, a corporation licensed to do business in Wisconsin, having an office at 637 S. Pine St., Burlington Wisconsin and having its principle corporate office located at 30500 Bainbridge Road, Solon, Ohio.

1

3. Dawn Ketterhagen was the sister of Joan Mouw and was the beneficiary of the life insurance policy at issue herein. Dawn Ketterhagen died on October 4, 2017 and the special administrator was appointed on April 11, 2018 by the Circuit Court, Kenosha county.

## BACKGROUND: LIFE INSURANCE

4. Joan Mouw was an employee of the defendant Nestlé USA Inc. in Burlington, Wisconsin for over 40 years.

5. Her last day of actual work was September 24, 2015.

6. Joan Mouw's official "date of retirement" from employment with the defendant Nestlé was November 30, 2015.

7. At the time of her retirement Joan Mouw suffered from an advanced stage of cancer.

8. Joan Mouw died from her illness on January 3, 2016.

9. At the time of her employment Joan Mouw was a participant in a group life insurance plan of which Nestlé USA Inc. was the plan sponsor and administrator as those terms are defined in section 3(16)(A) and (B) of ERISA and a fiduciary of the plan within the meaning of Section 3(21) of ERISA. The aforesaid life insurance plan is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA.

10. Under the life insurance plan, written through the Minnesota Life Insurance Company, Joan Mouw had basic life insurance coverage equal to three times the amount of her annual salary.

11. Joan Mouw paid for this life insurance coverage.

2

12. The beneficiary of this life insurance policy or coverage described above was Dawn C. Ketterhagen.

### INTERACTIONS WITH DEFENDANT REGARDING RETIREMENT

13. That prior to her retirement effective November 30, 2015, Joan Mouw met with representatives of Nestlé USA Inc. to discuss her continuance of her health insurance benefits.

14. On October 16, 2015, prior to her "official" retirement, the defendant confirmed that she had "Employee Life Insurance" with coverage of $131,700.00 which was three times her annual base pay and that this benefit start date was January 1, 2016. See Ex. A.

15. That on and before November 19, 2015 Ms. Mouw discussed with the Human Resources department of the defendant issues regarding disability insurance. See Ex. B.

16. The defendant knew as early as November 19, 2015 that Ms. Mouw's health situation was serious and likely terminal.

17. That at no time on or before November 19, 2015 did the defendant make the deceased, Joan Mouw, aware of the need to convert her life insurance to a personal or individual policy.

18. That on December 4, 2015 Ms. Mouw's brother-in-law, Dennis Ketterhagen, was told by the Human Resources department what medical benefits were available through COBRA. See Ex. C.

19. That on said date nothing was mentioned or told to Ms. Mouw or her family member of the need to convert her life insurance.

3

20. That subsequently Joan Mouw converted her health insurance, such that she elected to continue the coverage and would pay a monthly premium or charge. This was confirmed on December 22, 2015. See Ex. D.

21. That on December 10, 2015 the defendant sent a letter to Ms. Mouw concerning her pension and how she wanted her check delivered. See Ex. E. Said letter did not discuss anything about life insurance or the need to convert her policy.

22. That at no time did the defendant inform or otherwise make Joan Mouw aware of the need to convert the life insurance policy provided to her from group coverage to an individual policy.

23. Joan Mouw did not convert said policy from group coverage to an individual policy.

24. Plaintiff believes and alleges that Joan Mouw did not exercise her option to convert her group life insurance to an individual policy, either because she was not properly informed of the opportunity and how to do so, or because she believed her coverage continued.

25. It would be unreasonable to expect that a person such as Joan Mouw who had maintained her life insurance throughout her course of employment, who is otherwise uninsurable for new life insurance due to her health, and who knew her condition was terminal, would not, if properly informed, take the steps necessary to convert her group life insurance coverage to individual coverage.

4

26. Following Joan Mouw's death on January 3, 2016, Dawn Ketterhagen made application for the life insurance benefits to Minnesota Life Insurance Company.

27. That subsequent to her death on January 3, 2016 the defendant prepared a "confirmation statement" which showed Dawn Ketterhagen as the beneficiary of Joan Mouw's life insurance on file as of November 30, 2015. See Ex. F.

28. That on May 5, 2016 Minnesota Life Insurance Company denied the claim, stating, among other things, that Joan Mouw had failed to convert the policy within the requisite 31 days following retirement. See Ex. G.

29. Since no individual life insurance policy was issued by Minnesota Life Insurance Company to Joan Mouw pursuant to a conversion opportunity, and since Minnesota's group life insurance policy issued to Nestlé USA Inc. was canceled prior to Joan Mouw's death, the submission of a claim or administrative appeal by the plaintiff to Minnesota Life would be pointless.

## BREACH OF FIDUCIARY DUTY BY NESTLÉ USA INC.

30. As plan administrator and fiduciary under ERISA, Nestlé was under a duty to furnish Joan Mouw with a summary plan description written in a manner to be understood by the coverage plan participants, including a description of conversion rights, which Nestlé breached by failing to provide Joan Mouw with any summary plan description or one that would reasonably lead her to understand the need to convert her policy.

31. As plan administrator and fiduciary under ERISA, Nestlé also had an affirmative duty to convey complete and accurate information regarding the

5

conversion opportunity which was material to Joan Mouw's circumstances, even where she had not specifically inquired about the same.

32. That Nestlé USA Inc. failed to give any notice or otherwise apprise Joan Mouw of her right to and the need to convert her group life insurance policy to an individual policy.

33. That any purported notice allegedly given to Joan Mouw was inadequate because it because it failed to adequately apprise her of the necessary action she needed to take to convert her policy.

34. The defendant, in its capacity as plan administrator, was acting as a plan fiduciary when explaining welfare plan benefits to the employee Joan Mouw.

35. The plan administrator should have known that its inadequate disclosure to Joan Mouw of her life insurance conversion rights would result in a substantial likelihood that the she would be misled regarding her right to convert her life insurance coverage to an individual policy.

36. Such misleading omission by the defendant was material because it raised a substantial likelihood that Joan Mouw would be misled in making a decision regarding her life insurance benefits.

37. Joan Mouw relied to her detriment on the plan administrator's misrepresentation regarding her right to convert her group life insurance plan coverage to an individual life insurance policy.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that the court enter judgment as follows:

6

a. For an equitable award of surcharge under the provisions of 29 U.S.C. 1132 (a)(3)(B) in favor of the plaintiff and against Nestlé USA Inc. in the amount of the life insurance benefits of $131,700.00, in order to make plaintiff whole for Nestlé's breach of fiduciary duty.

b. For an equitable award of prejudgment interest.

c. For an award of reasonable attorney fees and costs.

d. For the grant of such further an additional equitable relief as the court deems just and proper.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2018.

WELCENBACH LAW OFFICES, S.C.
Attorneys for Plaintiffs

Electronically signed by J.J. Welcenbach

_____
Joseph J. Welcenbach
State Bar No. 1015131

Welcenbach Law Offices
933 North Mayfair Road, Suite 311
Milwaukee, WI 53226-2239
Phone: (414) 774-7330
Facsimile: (414) 774-7670
*Welcenbach@yahoo.com*

7

**healthworks** WEBSITE

Life Status Change Annual Enrollment as of 1/1/2016

Current Date 01/19/2016
Confirmation Number: 34783X1

## My Personal Data

### Personal Information

FIRST NAME: JOAN A
LAST NAME: MOLM
ADDRESS LINE 1: 8611 FISHMAN RD
ADDRESS LINE 2:
CITY: BURLINGTON
STATE: Wisconsin
ZIP: 53105
HOME PHONE NUMBER: 262-539-2577
DATE OF BIRTH: 8/11/1953
GENDER: Female

### Employee Information

PERSONAL ID: 01614511
PAY FREQUENCY: Weekly

You currently have no family members on file.

| Covered Family Members | Medical | Dental | Vision | Dependent Life | Supplemental AD&D |
|---|---|---|---|---|---|

You currently have no covered family members on file.

### My Life Style Choices

| Question | Response |
|---|---|
| Do you use tobacco products of any kind? | Yes |
| Do you have a dog or cat? | Yes |

### My Benefits

*Based on 2080 hrs per year. Gross wages 43,900.00 Base Pay $ 131,700.00*

| Benefit Start Date | Benefit | Plan / Option | Your Cost |
|---|---|---|---|
| 1/1/2016 | Medical | EmployeeCARE (UHC)/Employee Only | $32.41 |
| 1/1/2016 | Dental | MetLife Dental/Employee Only | $2.93 |
| 1/1/2016 | Vision | EyeMed Vision Plan/Employee Only | $1.78 |
| 1/1/2016 | Long-Term Disability | 66% Salary Replacement | $7.25 |
| 1/1/2016 | Employee Life Insurance | 3 x Annual Base Pay ($131,700.00) | $7.50 |
| 1/1/2016 | Dependent Life Insurance | No Coverage | $0.00 |
| 1/1/2016 | Supplemental Accidental Death & Dismemberment | $150,000 /Employee Only ($500,000.00) | $4.67 |
| 1/1/2016 | Health Care Spending Account | Not Participating | $0.00 |
| 1/1/2016 | Dependent Day Care Spending Account | Not Participating | $0.00 |

1-2



From: jmouw@wi.rr.com
Subject: Fwd: Follow Up
Date: November 19, 2015 [...]
To: Dawn Kettenhagen dndbears@yahoo.com

Sent from my iPhone

Begin forwarded message:

**From:** "Hansen,Toni,BURLINGTON,T&P – Human Resources" <toni.hansen@us.nestle.com>
**Date:** November 19, 2015 at 3:15:45 PM CST
**To:** Joan Mouw <jmouw@wi.rr.com>
**Cc:** 'Randy Monroe' <RMonroe@teamsterslocal200.com>
**Subject:** Follow Up

Hey Joan –

As I told you on the phone, I have the information you asked for in regard to Disability Pension. To be eligible for a Disability Pension, you have to be on medical leave for five (5) full months. Based on this, I assume you are going to want to proceed with a straight forward pension, but I do need you to confirm that fact. We had the Pension group expedite your paperwork and hopefully, you have already received it at your home. Locally, we need to do what is called an "Intent to Retire" so that this is processed before Pension gets your paperwork back, otherwise, it could delay the start of your pension checks by a month. To do the "Intent to Retire", you do not have to come into the Plant, we can do it for you over the phone, Shannon can help you out on this.

Take care and let me know if you need anything more from me, I am here for you !

Toni



Home   Mail   Search    News   Sports   Finance   Celebrity   Weather   Answers   Flickr   Mobile    More Try Yahoo Mail on Firefox »

🔍 All ▾   dennis, search your mailbox      Search Mail    Search Web    🏠 Home   🔲 dennis   ⚙

✎ Compose     ← ⇐ →    🗄 Archive   🗀 Move ▾   🗑 Delete   🚫 Spam ▾   ••• Collapse All   ▲ ▼ ✕                

Add Gmail, Outlook, AOL and more

Inbox (2)
Drafts (1)
Sent
Archive
Spam (32)
Trash

**Cobra Rates (3)**                  People

Tylka,Shannon,BURLINGTON,C&S Human Resources <Shannon.T    📎 12/04/15 at 5:25 PM

dennis ketterhagen ——————————— On Fri, 12/4/15,       12/04/15 at 8:17 PM

Tylka,Shannon,BURLINGTON,C&S Human Resources <Shannon.Tylka@US... at 4:48 PM

To dennis ketterhagen

Hi Dennys,

I apologize I have not returned your call. I did receive your voicemail earlier today (I've hardly been at my desk recently, unfortunately. I am hoping to have an answer to you by tomorrow. Based on the research and calls I made today, it sounds like Joan needs to call the HR Service Center at 1-877-637-2255. They should be able to give you direction and information on what retiree medical benefits and/or COBRA Joan is eligible for and how to sign up.

I'm trying to get more information too, but calling this number and following prompts for benefits is the first step. Joan's employee number is 01614511, they will most likely ask for this and potentially her social and birth date. Her retirement was effective 11/30/2015.

Thanks!

Shannon

> Show original message

**Reply, Reply All or Forward | More**

Click to Reply, Reply All or Forward

▼ Smart Views
   Important
   Unread
   Starred
   People
   Social
   Shopping
   Travel
   Finance
▼ Folders
   blisters
   Notes
   ps
   ps2
> Recent

Send    📎   Tt B *I* 🅰 ≣ ⋮≣ ⋱≣ ≣ 🔗 ☺ «        +



**NesCARE 2016 COBRA Rates**

| 2016 NesCARE COBRA Rates (single/2 person/NesCARE) | | | |
|---|---|---|---|
| **2016 Medical Plan/Unit** | | | |
| ChoiceCARE | 432.58 | 951.69 | 778.87 | 1,384.24 |
| ExclusiveCARE | 449.72 | 989.40 | 809.47 | 1,439.12 |
| HealthSAVER* | 435.88 | 958.97 | 784.65 | 1,394.82 |
| Aetna, IL | 409.33 | 800.58 | 738.75 | 1,309.88 |
| BCBS, AR | 426.64 | 895.95 | 767.66 | 1,322.59 |
| BCBS, MI | 595.47 | 1,369.58 | 1,190.94 | 1,637.54 |
| Cigna International | 409.31 | 1,059.76 | 742.09 | 1,298.44 |
| Cigna Stateside | 994.46 | 2,446.42 | 1,616.74 | 3,027.47 |
| Gateway | 501.74 | 1,103.84 | 903.11 | 1,605.58 |
| HMSA** | TBD | TBD | TBD | TBD |
| HealthNet | 677.65 | 1,423.01 | 1,219.75 | 2,100.88 |
| Humana | 447.98 | 985.52 | 806.41 | 1,433.51 |
| Independent Health | 508.00 | 1,214.41 | 910.81 | 1,492.71 |
| Kaiser, CO | 569.59 | 1,199.14 | 1,025.26 | 1,765.56 |
| Kaiser, NO CA | 533.35 | 1,120.04 | 960.03 | 1,653.39 |
| Kaiser, SO CA | 408.47 | 857.78 | 735.24 | 1,266.25 |
| HealthSpan | 516.59 | 1,094.65 | 929.86 | 1,601.44 |
| Keystone | 853.13 | 1,906.31 | 1,716.65 | 2,859.42 |
| Priority Health | 624.28 | 1,435.89 | 1,169.13 | 2,004.68 |
| Select Health | 627.54 | 1,108.90 | 945.13 | 1,634.65 |
| UHC HMO | 550.75 | 1,213.18 | 1,131.26 | 1,542.10 |
| UHC River Valley | 417.89 | 919.33 | 752.25 | 1,337.22 |
| **2016 Dental Plan/Unit** | | | |
| Cigna International | 36.60 | 76.27 | 90.72 | 136.26 |
| MetLife | 32.02 | 64.05 | 70.41 | 102.41 |
| **2016 Vision Plan/Unit** | | | |
| Cigna | 8.25 | 19.40 | 18.71 | 28.98 |
| EyeMed | 3.46 | 6.93 | 6.43 | 10.38 |
| Vision Service Plan (VSP) | 6.25 | 12.52 | 11.63 | 18.79 |

\* Excludes all employer provided HSA seed (annual and bonus)
\*\* HMSA assumes 5% increase over 2015; renewal not available till October

12/22/2015

Ms. JOAN A. MOUW
8611 FISHMAN RD
BURLINGTON WI 53105

## CONFIRMATION OF COBRA ELECTION

This letter confirms your enrollment in the Benefits Continuation Plan under NES CARE COBRA.

Your coverage and that of your qualified dependents, if any, started on 11/30/2015 and extends to 01/01/2016.

Your next payment due date is 01/01/2016.

Enclosed are coupons that should be sent along with each monthly payment. You will not be sent regular notices. Please review your first coupon as your first payment may be pro-rated. The first coupon also shows your next payment due date. It will be your responsibility to make payments on a timely basis. Payments must be received by UMR no later than the first day of the month for which payment is due. While premiums are due on the first of the month, you have a maximum 30 day grace period in which to pay your monthly premium. The 30 day grace period protects you from cancellation but claims incurred or prescription submissions may be denied during the grace period. If your payment is postmarked within the 30 day grace period, those denied claims and prescription submissions can be reconsidered for payment. Once your continuation of coverage terminates for late payment, non-payment, or check returned for non-sufficient funds, it cannot be reinstated.

The Plan Description, Coverage Level, and Premium for the plan(s) that you are enrolled in is listed below:
UHC                    SINGLE                $502.76
ExclusiveCARE PPO
MED PLAN


Total Monthly Premium: $502.76

If coverage under the Plan changes, such as benefits or rates, then continuation coverage changes accordingly.

Please make check or money order payable to UMR and mail to:

UMR
COBRA ADMINISTRATION
PO BOX 1206
WAUSAU WI 54402-1206

If you have any questions please feel free to contact COBRA ADMINISTRATION during regular business hours at 800-207-1824 or email us at mycobra@umr.com.

COBRA ADMINISTRATION



## Nestlé USA

**30500 BAINBRIDGE ROAD**
**SOLON, OH 44139-2290**
**TEL: 1-877-637-2255**

www.nestleusa.com

**Nestlé**

December 10, 2015

Joan Mouw
c/o Dawn Ketterhagen
P. O. Box 37
8810-352nd Avenue
Bassett, WI 53101

Re: Pension Application

Dear Ms. Mouw,

I have received and processed your pension application. Your distribution has been processed for January 2, 2016 (the first available payment date).

I am writing because I need to clarify how you would like the check will be delivered to you. Normally the payment would be sent via overnight courier to the home address listed on your completed application. Your application (copy enclosed) indicates that your home address is 8611 Fishman Road, Burlington, IW 53105. The overnight courier would require a signature for the delivery to take place. If this is where you would like your pension check delivered and if someone will be there to sign for the delivery, there is nothing further that you need to do.

If you would like the check delivered elsewhere, we can accommodate that with a signed and dated authorization from you. Note: If you would like the check to be delivered by overnight courier, you will be unable to use a post office box address. If a post office box is listed, we will assume that you want the payment delivered by the U.S. Post Office.

Let me know if there are any questions in this matter.

Karen McCloud, Nestlé USA Pension Department

Please deliver my check to:

_____

Street Address, City, State, Zip Code

_____

Signature                                                          Date





# NesCARE 2016

░░░CONFIRMATION STATEMENT░░░

000001543

**JOAN A MOUW**
**8811 FISHMAN RD**
**BURLINGTON, WI 53105**

░░░░░░░░░░░░░░░░░░░░░░░░░░░░░ If you have questions or find an error, please call the Nestlé HR Service Center at 1-877-632-2259 and select option #2 when prompted, between the hours of 8:30 a.m. and 7:30 p.m. Eastern time Monday through Friday except on corporate holidays.

░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░ unless you have a qualified status change , such as marriage, birth or adoption of a change in your or your spouse's employment status that impacts benefit coverage. You must logon to My Benefits to submit your changes  within 60 days of the qualified event (within 30 days for birth or adoption to be effective on birth date or date of event, or within 60 days to be effective as of the date of notification). Dependent(s) that require verification are marked as "Pending Verification" in the statement below.

**Please see the following pages of this statement for a listing of your benefit elections.**

---

## Dependent Information

Listed below are the dependents that will be covered as of January 1, 2015 based on the Y/N indicator.

| ░░░░░░░░ | ░░░░░░░░ | ░░░░░░░░ | ░░░░░░░░ | ░░░░░░░░ | ░░░░░░░░ |
|---|---|---|---|---|---|
| No covered dependents on file. | | | | | |

---

~Over~



EXHIBIT

## 2015 Benefit Elections

| | | | |
|---|---|---|---|
| Retiree Medical – Non Medicare Eligible | Deferred Medical Coverage | WAIVE | $0.00 |

| | |
|---|---|
| After Tax Cost | $0.00 |
| Total Cost | $0.00 |

00000543

## BENEFICIARY INFORMATION

Your beneficiary information on file as of November 30, 2015 is:

| | | Social Security Number | Birthdate (mm/dd/yyyy) | Relation | Type | Percentage |
|---|---|---|---|---|---|---|
| | | On Record | 09/22/1949 | Other | Primary | 100% |
| | | On Record | 09/22/1949 | Other | Primary | 100% |
| | | On Record | 09/22/1949 | Other | Primary | 100% |

Case 2:18-cv-01161-WED   Filed 07/27/18   Page 20 of 24   Document 1-1

Minnesota Life Insurance Company
A Securian Company

Group Division Claims
P.O. Box 64114
St. Paul, MN 55164-0114
For claims information:
1-888-658-0193
651-665-7108 fax
www.minnesotalife.com/benefits
May 5, 2016

# MINNESOTA LIFE

DAWN C KETTERHAGEN
PO BOX 37
BASSETT WI 53101


RE:     POLICY #      29635 – Nestlé
        CLAIM #       1163174
        DECEASED:     Joan A. Mouw


Dear Ms. Ketterhagen:

We have received and reviewed your letter in relation to our denial of the Active Life Insurance
benefits on behalf of your sister, Joan A. Mouw. Our Law department has also reviewed this claim
and the applicable policy. Based on the terms of the policy, we must affirm our denial of these
benefits. Please allow me to explain.

As you are aware, the claim submitted to Minnesota Life was for Retiree Life Insurance benefits in
the amount of $5,000. These benefits were paid in full on February 16, 2016. According to the
information provided to us by Nestlé plan administrator, Mercer, your sister's last day physically
working was September 24, 2015, and her last day of 'Active' employment was on November 30,
2015, due to her retirement.

Under the terms of the policy, an Active employee is eligible for the life insurance coverage if they
are a member of the group and of an eligible class, they are working the required number of hours
per week, they've satisfied the waiting period, and they meet the Actively at Work requirement.

An employee is no longer considered an 'Active' employee under the follow policy provision:

*"When does an insured's coverage terminate?*

*The insured's coverage ends on the earliest of the following:*

        *... (2) the date the employee no longer meets the eligibility requirements; or ..."*

Based upon the above policy provision, Ms. Mouw's Active life insurance coverage terminated on
her date of retirement, November 30, 2015. At that time, she became eligible for the Retiree Life
Insurance benefits.

The policy offers employees options to continue the coverage they are losing due to their
retirement or other reasons, under the Conversion Right or the Portability Rider as follows:

F72470-3 1-2013



·Dawn Ketterhagen
May 5, 2016
Page 2

## 1). Conversion Right:

*"What is the conversion right?*

*An insured can convert this insurance to a new individual life insurance policy if all or part of the insured's life insurance under this policy terminates.*

*The insured may convert up to the full amount of terminated insurance if termination occurs because he or she moves from one eligible class to another, or he or she is no longer in an eligible class. ...*

*How does an insured convert his or her insurance?*

*An insured converts his or her insurance by applying for an individual policy and paying the first premium within 31 days after the group insurance terminates. No evidence of insurability it required."*

## 2). Portability Policy Rider:

· *"What does this rider provide?*

*This rider provides for continuation of group life insurance for insureds who no longer meet the eligibility requirements of the group policy except for provided herein.*

*To continue coverage under the provisions of this rider, an eligible insured must make a written request and make the first premium contribution within 31 days after insurance provided by the group policy would otherwise terminate. ...*

*Who is eligible to continue insurance under this rider?*

*A certificate holder is eligible to continue insurance under this rider if he or she, except as provided by this rider, no longer meets the eligibility requirements of the group policy due to any of the following:*

   *(1) The employee terminates employment, including retirement; or ....*

*The certificate holder will not be eligible to request coverage under this rider if he or she:*

   *... (3) was not actively at work due to sickness or injury on the day immediately preceding his or her portability date; or ..."*

Under the terms of the policy, it is the employee's responsibility to contact Minnesota Life in writing to *Convert* their group coverage to an individual policy and pay the required premium; or to continue their group coverage under the *Portability Rider* and pay that required premium.
· However, according to our records, your sister did not contact us requesting to continue her coverage under either of these options.

With your letter of appeal, you submitted a copy of Ms. Mouw's "My Benefit's" confirmation statement dated October 16, 2015, for benefits to be effective the next plan year, January 1, 2016. Since your sister retired on November 30, 2015 - before the January 1, 2016 plan year – the benefits projected in this Benefit Statement never went into effect.

Dawn Ketterhagen
May 5, 2016
Page 3

Since Ms. Mouw's Active Life Insurance terminated on the date of her retirement, November 30, 2015, and she did not contact Minnesota Life to apply for an individual policy under the Conversion Right or apply to continue the group coverage under the Portability Rider, we must affirm of denial of the Active Life Insurance benefits.

Sincerely,

*Terri Jackson*

Terri Jackson
Claims Specialist
Group Insurance Claims

Enclosure: ERISA Notice – Level 2

Date of this Notice: May 5, 2016

Name of Insured: Joan A. Mouw

Claim Number: 1163174

## APPEAL RIGHTS UPON AFFIRMATION OF DENIAL
## THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

Your appeal of an adverse benefit determination has been affirmed. Your rights upon affirmation of denial are outlined below.

- You shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim. Proper authorization may be required to release confidential information such as medical records.
- You have the right to bring a civil action under section 502(a) of ERISA following an appeal of an adverse benefit determination.
- For plans providing disability benefits, you and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State Insurance regulatory agency.
- If you have any questions, or wish to contact Minnesota Life, please send your additional information to:

    Ross Stedman (Station B1-6332)
    Manager Group Insurance Claims
    Minnesota Life Insurance Company
    PO Box 64114
    St. Paul MN 55164-0114